UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SAMANTHA J. FOULKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11-cv-00040-GZS |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION**

Samantha J. Foulke, a long time recipient of social security disability payments, has filed a civil action in this court seeking judicial review of a June 19, 2009, decision of an administrative law judge who declined to reopen a prior administrative law judge's decision of April 17, 1998, which latter decision had awarded disability payments to Foulke based upon a finding that she was entitled to a protective filing date of August 19, 1992. Foulke had sought then, and she seeks now, a determination that the proper protective filing date should have been in 1988, four years prior to the date found by the Administrative Law Judge. Following the June 2009 refusal to reopen the prior case, on November 23, 2010, the Appeals Council denied Foulke's request for review of the administrative law judge's decision. Foulke then filed this lawsuit, having exhausted her administrative options. The Commissioner has filed a motion to dismiss based upon lack of subject matter jurisdiction. Foulke has responded with a bevy of filings attempting to explain her situation. (Doc. No. 10, 11, 12 & 13.) I recommend that the Court grant the Commissioner's motion and dismiss Foulke's complaint for the reasons set forth below.

## The Background

According to the records of the Social Security Administration, Foulke first applied for benefits on August 19, 1992, but failed to pursue that application, resulting in administrative closure on February 19, 1993. (Dec. of ALJ at 8-9, Doc. No. 9-1.) Foulke then filed applications for benefits on April 7, 1993, and succeeded in obtaining a finding that she was disabled as of May 31, 1988. (Id.) Four years later, on May 5, 1997, Foulke filed a request for a hearing. (Id.) She alleged that the August 1992 application should serve as her protective filing date. (Id.) She also alleged having had an application filed on her behalf sometime in 1988, but provided no evidence of such filing. (Decl. of Paul Halse at 3, ¶ 3(a), Doc. No. 9-1.) On April 17, 1998, an administrative law judge issued a fully favorable decision finding that Plaintiff's protective filing date actually was August 19, 1992. (Doc. 9-1 at 8-10.) This decision clearly informed Foulke that she had the right to file an appeal with the Appeals Council if she disagreed with it for any reason. (Id. at 5-6.) It explained that such an appeal must be filed within 60 days of the date of the decision. (Id.)

More than ten years after the April 1998 fully favorable decision, Foulke filed a request for a hearing concerning her alleged application filing in 1988. On June 19, 2009, Administrative Law Judge Stephen Ponticiello determined that this request for hearing was actually a request to extend the time period for requesting review on the prior 1998 decision. (Doc. No. 9-1 at 13-14.) Judge Ponticiello dismissed Plaintiff's request for hearing as an untimely request for extension of time. (Id.) On November 23, 2010, the Appeals Council denied Plaintiff's request for review of Judge Ponticiello's dismissal. (Id. at 15-16.) On February 1, 2011, Foulke filed this case.

**Discussion**

The Commissioner's motion, grounded upon lack of subject matter jurisdiction, is based on his interpretation of 42 U.S.C. § 405(g) which grants this Court jurisdiction to review the Commissioner's final decision after a hearing. According to the Commissioner, his denial of a claimant's request to reopen a previous determination does not constitute a final decision made after a hearing under 42 U.S.C. § 405(g). The Commissioner is absolutely correct that this Court's jurisdiction regarding social security matters arises solely and exclusively pursuant to 42 U.S.C. § 405(g) and there is no other federal question jurisdiction in these matters. Weinberger v. Salfi, 422 U.S. 749, 756-757 (1975). The more difficult part of this argument is whether a final decision to deny a hearing is the same thing as the "final decision of the Commissioner of Social Security made after a hearing" within the meaning of § 405(g). In this case it would be a simple matter to simply affirm the Commissioner's ruling. The record by all appearances fully supports a finding that the Administrative Law Judge's ruling was without error and the matter could simply be dismissed on the merits.[1]

Nevertheless, the Commissioner's jurisdictional objection is sound. The Supreme Court has offered the explanation that "the opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the Secretary's regulations and not by the Social Security Act." Califano v. Sanders, 430 U.S. 99, 108 (1977). "[A]n interpretation that would allow a claimant judicial review simply by filing - and being denied - a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g) [42 U.S.C. § 405(g)], to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." Id. "Congress' determination so to

---

[1] The Commissioner does spend a page of his motion arguing that the Administrative Law Judge's ruling was the proper one. (Doc. No. 9 at 8).

limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims" and this Court's duty "is to respect that choice." Id. This Court has previously recognized the jurisdictional demarcations of Califano in Sargent v. Astrue, No. 06-122-P-C, 2007 U.S. Dist. Lexis 20576, 2007 WL 892568 (D. Me. March 21, 2007) (Cohen, Mag. J. Rec. Dec.), aff'd over obj., 2007 U.S. Dist. Lexis 32950 (May 1, 2007) (Singal, C.J.) (dismissing case for want of subject matter jurisdiction).

**Conclusion**

I RECOMMEND that the Court GRANT the Commissioner's Motion to Dismiss (Doc. No. 9) and dismiss Foulke's complaint based on lack of subject matter jurisdiction.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

April 29, 2011